Alan S. Baskin, SBN 013155
Daniel Nageotte, SBN 035562
WEISS BROWN
6263 North Scottsdale Road, Suite 340
Scottsdale, Arizona 85250
480-327-6650
alan@weissbrown.com
daniel.nageotte@weissbrown.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Walton U.S. Land Fund 4, LP; Walton U.S. Land Fund 5, LP; WUSF 4 GP, LLC; and WUSF 5 GP, LLC,

Plaintiffs,

v.

Ira Gaines in his individual capacity and as trustee for the Ira J. Gaines Revocable Trust Dated November 24, 2004; Peachtree Partners; and IG Holdings, Inc., an Arizona corporation,

Defendants.

**Case No: 26-cv-03259-SPL**

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., defendants submit this reply in support of their Motion to Dismiss the Complaint. [Doc. 14.] This reply is further supported by the following Memorandum of Points and Authorities and the filings in this action, all of which are incorporated by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs' response confirms that they cannot clear the insurmountable hurdles requiring dismissal. As to standing, plaintiffs remain the target partnerships and their general partners — the issuers — not the shareholder-offerees Section 14(e) protects. Their entire damages theory rests on dicta in a footnote from *Plaine v. McCabe*, a case about a non-

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

tendering shareholder, not a target. No court of appeals has held that a target is entitled to money damages under the Williams Act, and plaintiffs cite no contrary authority. Their equitable claims also go nowhere: both Offers expired months before plaintiffs sued, leaving nothing to enjoin, and an injunction against hypothetical future offers cannot rest on past conduct alone.

As to the merits, plaintiffs ignore the controlling authority, failing to discuss or even cite *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, which holds that the statutory language on which Count 1 depends does not reach pure omissions. Plaintiffs seek to bypass *Macquarie* by recasting every deficiency as fact questions for the jury. Whether a complaint pleads an actionable statement, whether a duty to disclose exists, and whether an incorporated document controls a contrary characterization, however, are questions of law for the Court to decide. The Motion should be granted.

## ARGUMENT

### I. Plaintiffs Have No Standing for Damages, and Their Equitable Claims are Moot.

#### A. *Plaine* concerns shareholder-offerees, not targets, and confirms the damages bar.

As they must, plaintiffs concede that Section 14(e) contains no express private right of action and that any implied right exists only for the class the Williams Act protects. In *Piper v. Chris-Craft Industries, Inc.*, the Supreme Court held that "the sole purpose of [Section] 14(e) was the protection of investors who are confronted with a tender offer," and that the participants Congress "intended to regulate" — the contestants for control — "were not the intended beneficiaries of the legislation." 430 U.S. 1, 2 (1977). Implying a damages remedy for such a participant "is not consistent with the underlying legislative purpose" of "a statute especially designed to protect shareholders of target corporations." *Id.* Plaintiffs are the target partnerships and their general partners — the issuers and managers Congress regulated for shareholders' benefit, not the shareholder-offerees the Act protects. *Piper*'s reasoning forecloses their damages claim.

Plaintiffs' answer is that *Piper* called its holding "a limited one" and reserved "the

target corporation's standing to sue." [Doc. 18 at 5:6-7.] But reserving a question is not deciding it, and *Piper*'s protected-class rationale reaches an issuer with the same force it reached the offeror. Every court of appeals to confront the reserved question since has resolved it against issuers.

Plaintiffs next contend that because the Ninth Circuit lets a non-tendering shareholder sue for damages, a target must be able to as well. [Doc. 18 at 5.] That conflates two different types of plaintiffs. *Plaine v. McCabe* held only that "even a non-tendering shareholder may bring suit for violation of section 14(e)" — a holding grounded expressly in "the Act's goal of protecting investors." 797 F.2d 713, 718 (9th Cir. 1986). A non-tendering shareholder is a member of the protected class; a target corporation is not. *Plaine* proves defendants' point: standing under Section 14(e) turns on membership in the class of investors the Act protects, which does not include plaintiffs.

Plaintiffs' reliance on *Plaine*'s footnote 8 fares no better. That footnote says only that "[a] non-tendering shareholder may also complain derivatively of injury to the target company" — and the court noted Plaine did not bring a derivative action. *Id.* at 718 n.8. Injury to the target is addressed derivatively, by shareholders, not through the target's own damages suit. Plaintiffs' remaining authority, *Electronic Specialty Co. v. International Controls Corp.*, holds no water. Its statement that "the nontendering stockholder and the corporation" have standing "under all the provisions added to [Section] 14" was made in 1969 — well before *Piper* — in a suit for injunctive relief in a live takeover contest. *Elec. Specialty Co. v. Int'l Controls Corp.*, 409 F.2d 937, 946 (2d Cir. 1969). It says nothing of a damages remedy, and the same court has since held there is none for issuers.

Every court of appeals to consider the question agrees. The Second Circuit squarely holds there is "no private damages remedy for issuers" under the Williams Act, because such a remedy would "tip the balance" between issuer and acquiror and frustrate the Act's evenhanded design, while injunctive relief does not. *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 620–21 (2d Cir. 2002). Shareholder damages actions rest on the Section 18(a) remedy "available to shareholders but not to issuers." *Id.* at 620. Four circuits

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

— the Fourth, Fifth, Seventh, and Ninth — recognize issuer standing for injunctive relief, yet "none of these courts have to date granted issuers a cause of action for damages." *Id.* at 621 n.8. As the Fifth Circuit put it: "No other Circuit has found a private right of action for money damages." *Motient Corp. v. Dondero*, 529 F.3d 532, 536 (5th Cir. 2008). The Eleventh Circuit agrees, rejecting the very inference plaintiffs draw — a shareholder remedy "does not necessarily imply that Congress intended to preserve or create a remedy for the issuer corporation." *Fla. Com. Banks v. Culverhouse*, 772 F.2d 1513, 1517 (11th Cir. 1985). And the Ninth Circuit's only Section 14(e) issuer case allowed a target to sue solely "for injunctive relief against [the] offeror." *Plaine*, 797 F.2d at 717 n.7 (citing *Pacific Realty Trust v. APC Investments, Inc.*, 685 F.2d 1083 (9th Cir. 1982)). Plaintiffs offer no contrary appellate authority, as there is none.

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

**B. The expired Offers leave no equitable relief to grant.**

Plaintiffs cannot identify or manufacture any live controversy to support their claims for equitable relief. The November 1, 2025 Offer expired January 1, 2026, and the February 1, 2026 Offer expired April 1, 2026 — both before plaintiffs filed suit on May 8, 2026. [Doc. 14-1 at Exs. 1–2.] Absent a pending offer, there is nothing to enjoin and no statement to correct. "A request for injunctive relief remains live only so long as there is some present harm left to enjoin," and becomes moot once the challenged conduct "could not reasonably be expected to recur." *Wise v. City of Portland*, 539 F. Supp. 3d 1132, 1145 (D. Or. 2021). Courts apply that rule directly to tender offers: the Seventh Circuit held that an offeror's withdrawal of its tender offer "rendered moot both sides' claims under [Section] 14(e)," leaving jurisdiction only if the alleged infractions were "capable of repetition, yet evading review." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 871 (7th Cir. 2003). Here, both Offers expired before suit — nothing is left to enjoin.

Plaintiffs' request to enjoin future offers is a bridge too far. A plaintiff seeking prospective relief must show a threat that is "real and immediate," not "conjectural" or "hypothetical," and "[p]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

U.S. 95, 102–03 (1983). The complaint alleges only past conduct — no impending offer and no concrete threat of one. Plaintiffs' theory that defendants make offers on "short time frames to evade detection" (Doc. 18 at 7:18–19) is the exact argument *Lyons* rejected, holding that the voluntary-cessation doctrine "is of little help" and the "capable of repetition, yet evad[ing] review" exception is "inapposite" where standing turns on "the speculative nature of [the] claim" of future injury. *Lyons*, 461 U.S. at 109. That exception is confined to "extraordinary cases" of "inherently limited duration." *Wise*, 539 F. Supp. 3d at 1148–49. A tender offer, which a target may challenge the moment it issues, is not such a case.

Independently, plaintiffs allege no irreparable harm, which the Williams Act requires for any injunction. The Supreme Court holds that injunctive relief under the Act rests on "irreparable harm and inadequacy of legal remedies," and that where an offeror has not attempted to obtain control, "the usual basis for injunctive relief, that there exists some cognizable danger of recurrent violation, is not present." *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57, 59 (1975) (quotation omitted). Plaintiffs' own authority cuts against them: the Ninth Circuit's Section 14(e) issuer case, *Pacific Realty Trust*, allowed a target to sue only for injunctive relief against the offeror, in the setting of an active, pending offer. *See generally* 685 F.2d at 1086–88. No offer is pending and plaintiffs identify no real and immediate threat of a future one. Their equitable claims are not justiciable.

**C. The state-law claims cannot bypass the federal damages bar.**

Counts 2 through 4 restate the same alleged Section 14(e) misconduct and seek the same damages. [Doc. 1 at ¶¶ 94, 99, 107.] Plaintiffs may not evade *Piper* and its progeny by relabeling a barred federal damages theory as Arizona common law. Section III addresses those claims.

## II. Count 1 Independently Fails Under *Finjan* and *Macquarie*.

### A. Plaintiffs plead a pure omission that *Macquarie* bars.

The Response ignores *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024), though it controls. Section 14(e)'s first clause makes it unlawful to "omit to state any material fact necessary in order to make the statements made . . . not misleading." 15 U.S.C.

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

§ 78n(e). The Ninth Circuit has held that this clause is "identical" in phrasing to Rule 10b-5(b) and is construed in lockstep with it. *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 405 (9th Cir. 2018). In *Macquarie*, a unanimous Supreme Court construed that language and held it "does not proscribe pure omissions." 601 U.S. at 264. The provision reaches only half-truths, because it "requires identifying affirmative assertions (*i.e.*, 'statements made') before determining if other facts are needed to make those statements 'not misleading.'" *Id.* And "[s]ilence, absent a duty to disclose, is not misleading," a duty that arises only where an omission renders an affirmative statement misleading. *Id.* at 265.

Count 1 is a pure-omissions claim. Plaintiffs allege only that the Offers "did not disclose" Gaines's regulatory history and 2023 plea (Doc. 1 at ¶¶ 54–57, 64–67); they identify no affirmative statement rendered misleading by that silence. Their Response confirms it, arguing subjective falsity "is not a requirement" because "the Offers misleadingly omitted material information" (Doc. 18 at 10:20–21) — precisely the pure-omission theory *Macquarie* forecloses. Because plaintiffs cannot tie the alleged omissions to any statement made misleading, Count 1 fails as a matter of law, and the Court need not reach materiality.

**B. The Offers' express disclaimer controls the "endorsement" theory.**

Plaintiffs' endorsement theory — that the "Offer to Repurchase" title and an enclosed Walton-wordmark form imply Walton's approval — is at odds with the Offers themselves, each made "without any approval or endorsement from the Partnership or General Partner, either expressed or implied." [Doc. 18 at 8:17–18.] The incorporation-by-reference doctrine exists to prevent exactly the maneuver plaintiffs attempt: it stops plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). If a complaint fails to "allege or describe the contents of the surrounding pages, it is proper to incorporate them [where] the claim necessarily depend[s] on them." *Id.* Because Count 1 rests on the Offers as the operative misleading statements (Doc. 1 at ¶¶ 50–70), the Court may, and should, read the Offers' actual text.

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

The disclaimer is not a disputed fact; it is the operative text of the documents forming the basis of this lawsuit.

Plaintiffs' invocation of *Khoja* is unavailing. *Khoja* cautions only against assuming an incorporated document's truth "to resolve factual disputes against the plaintiff's well-pled allegations." *Id.* at 1014. Defendants do not ask the Court to resolve a factual dispute; they ask it to read the Offers — which plaintiffs alternately challenge and ignore to suit their argument. "'[N]othing in *Khoja* prevents [a] [c]ourt from analyzing an alleged false statement in context.'" *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1039 (N.D. Cal. 2023) (*quoting In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020)). No reasonable investor could read an Offer that expressly disavows any issuer endorsement — and identifies Peachtree as the offeror on its face — and infer Walton's approval from a ministerial transfer form.

### C. Plaintiffs' attempt to transform purely legal issues to "jury questions" cannot save its claims.

Plaintiffs urge that whether the Offers are misleading and material are "issue[s] of fact" for the jury. [Doc. 18 at 8–9.] The authority they rely on supports only defendants. Materiality is "a mixed question of law and fact," and while assessments of what a reasonable investor would infer are ordinarily for the trier of fact, the "ultimate issue of materiality [is] appropriately resolved as a matter of law" where "reasonable minds cannot differ." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976). The Ninth Circuit is in accord. *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011); *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995).

Plaintiffs quote *Borteanu v. Nikola Corp.* for its the trier-of-fact argument but omit the sentence immediately following that quote, which recognizes that these questions are "appropriately resolved as a matter of law" when the answer is obvious. 2023 WL 11017679, at *6 (D. Ariz. Dec. 8, 2023). Similarly, *In re Syntex* affirmed dismissal, holding the challenged statements inactionable as a matter of law after reading the operative document in full. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 929–30 (9th Cir. 1996). A default that routinely yields

dismissal is no barrier here.

Plaintiffs' arguments skip the threshold legal questions, which are for the Court alone. Whether the Complaint identifies any actionable statement is a legal question the Court reviews de novo. *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 (9th Cir. 2023). Whether silence is actionable — whether a pure omission states a claim and whether any duty to disclose exists — is likewise a legal question resolved by *Macquarie* and *Brody v. Transitional Hosps. Corp.*, not a jury. *Macquarie*, 601 U.S. at 263; *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). And whether the Offers' own text controls a contrary characterization is a legal question the Court answers by reading the incorporated documents. *See Khoja*, 899 F.3d at 1002; *Pampena*, 705 F. Supp. 3d at 1039. Only if plaintiffs clear those hurdles — and they cannot — would any fact question about materiality arise. Plaintiffs cannot convert a legal deficiency into a jury question by repacking it as one.

Even if the Court were to reach materiality, an offeror's collateral background is not material here as a matter of law. An omitted fact is material only if a reasonable investor would view it as "significantly alter[ing] the 'total mix' of information," assessed holistically. *Pampena*, 705 F. Supp. 3d at 1040–41. Just as the additional facts in *TSC* were not "so obviously important" as to be material given the disclosures already made, Gaines's unrelated regulatory history and 2023 plea are disconnected from the price, terms, and value of the units — the facts at the heart of a tender decision. *TSC Indus.*, 426 U.S. at 450. Nor does plaintiffs' North Dakota order help them: it concerned a tender offer for a public company's registered shares, subject to the itemized bidder-disclosure duties of Regulation 14D and Schedule 14D-1. [Doc. 18 at 17.] Those rules reach only Section 12-registered securities. The units here are privately held partnership interests with no established market, so no affirmative bidder-background disclosure duty applies; Section 14(e) imposes only a duty not to mislead, not the affirmative obligations of Section 14(d).

**D. Plaintiffs plead neither subjective falsity nor loss causation.**

To the extent Count 1 rests on the Offers' characterizations rather than pure silence, it must satisfy the falsity standard for such statements — pleading "both that 'the speaker

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

did not hold the belief she professed' and that the belief is objectively untrue." *Finjan*, 58 F.4th at 1055–56; *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615–16 (9th Cir. 2017). The Complaint alleges only, in conclusory terms, that defendants "knew" the Offers were misleading (Doc. 1 at ¶ 84), and plaintiffs' rejoinder that subjective falsity "is not required" (Doc. 18 at 10) depends on their pure-omission theory, which *Macquarie* forecloses. 601 U.S. at 264. Loss causation independently fails on plaintiffs' own pleading: they allege the Offers "artificially depressed" the units' "market price" (Doc. 1 at ¶ 86), yet concede the units have "no established market" — a contradiction internal to their own allegations that presents no jury question.

**III. The State-Law and Declaratory Claims Fail With Count 1.**

Because Count 1 fails, the Court should decline supplemental jurisdiction over Counts 2 through 5 and dismiss them without prejudice. Once all claims within the court's original jurisdiction are dismissed, retention is discretionary, 28 U.S.C. § 1367(c)(3), and "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Levitch v. Cnty. of Maricopa*, 2023 WL 6548937, at *2 (D. Ariz. Sept. 6, 2023)(citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

The Ninth Circuit applies that principle in this exact posture, affirming dismissal of state-law claims after a securities plaintiff's sole federal claim was dismissed under Rule 12(b)(6). *Foster v. Wilson*, 504 F.3d 1046, 1051–52 (9th Cir. 2007); *Levitch*, 2023 WL 6548937, at *2 and *9. The Court need go no further.

Each state claim also fails on its own terms.

**Count 2 (breach of the no-holding-out covenant)** cannot survive because a third party's own offer cannot "hold out" anyone as authorized to bind the partnership. Under Arizona law, "an agent cannot, by his own words or conduct, create apparent authority" — the touchstone is "conduct of a principal." *Miller v. Mason-McDuffie Co. of S. Cal.*, 153 Ariz. 585, 589, 592, (1987). "[T]he authority of an agent cannot be proved by his own statement that he is such." *Brutinel v. Nygren*, 17 Ariz. 491, 497 (1916). Defendants' Offers expressly disclaim any "approval or endorsement from the Partnership or General Partner" (Doc. 14-

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650

1 at Exs. 1–2) — the opposite of a holding-out — and plaintiffs plead no damages traceable to the Gaines Trust or IG Holdings.

**Count 3 (tortious interference)** rests on an underlying breach of the Partnership Agreements (Count 2) and on "improper" conduct; with Count 2 and the Section 14(e) theory gone, nothing improper remains. And to the extent the claim sounds in aiding and abetting or conspiracy, both "require, as an essential element, the commission of a tort," and fail when the primary conduct is not actionable. *Caruthers v. Underhill*, 230 Ariz. 513, 526 (App. 2012).

**Count 4 (interference with business expectancy)** identifies no cognizable expectancy. Arizona confines the tort to an identified, "specific relationship" — "an actual and identifiable understanding or agreement which in all probability would have been completed" but for the interference — and requires "more than a mere 'hope.'" *Dube v. Likins*, 216 Ariz. 406, 412, 414 (App. 2007). Plaintiffs allege only a generalized hope of future investment from existing investors, precisely the deficiency *Dube* found fatal.

**Count 5 (declaratory judgment)** is duplicative of the substantive claims and, with the Offers long expired, presents no live controversy for the reasons the equitable claims are moot. *See supra*–Part I.B.

## CONCLUSION

Plaintiffs lack standing to recover damages under Section 14(e), their equitable claims are moot, and Count 1 independently fails under *Finjan* and *Macquarie*. Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice.

RESPECTFULLY SUBMITTED this 21st day of August, 2026.

WEISS BROWN

By: */s/ Alan S. Baskin*
Alan S. Baskin
Daniel F. Nageotte
6263 N. Scottsdale Road, Suite 340
Scottsdale, Arizona 85250

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

*/s/ Cristina McDonald*

WEISS BROWN
6263 N. SCOTTSDALE ROAD STE. 340
SCOTTSDALE, ARIZONA 85250
480.327.6650